UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ERNESTO RAMOS,

                        Plaintiff,

   -against-                                 9:09-CV-0899 (LEK/DEP)

J. JOHNSON, Nurse, Franklin Correctional
Facility; DUMAS, Nurse, Franklin
Correctional Facility; G. CHAMPAGNE,
Doctor, Franklin Correctional Facility;
WHITE, Nurse, Franklin Correctional
Facility; and VOLPE, Nurse, Franklin
Correctional Facility,

                        Defendants.

**DECISION and ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on February 7, 2011, by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Report-Rec. (Dkt. No. 18). Therein, Magistrate Judge Peebles recommends granting Defendants' Motion for summary judgment (Dkt. No. 17) and dismissing Plaintiff's Complaint. On February 25, 2010, Ernesto Ramos ("Plaintiff") filed objections to Report-Recommendation. Dkt. No. 19 ("Objections").

**II.    STANDARD OF REVIEW**

This Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "'party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" Farid

v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008) (quoting Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986)).

The burden rests on the movant to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In considering whether the movant met its burden, a court is to resolve all ambiguities and draws all permissible factual inferences in the light most favorable to the non-moving party. See Liberty Lobby, 477 U.S. at 255; Trammell v. Keane, 338 F.3d 155, 161 (2d Cir. 2003). "When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 145 (2d Cir. 2008) (citations omitted). Where the movant does so, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." Id. (citing Celotex, 477 U.S. at 322-23).

"[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." Gallo, 22 F.3d at 1224.  Summary judgment is proper "only when no reasonable trier of fact could find in favor of the nonmoving party." Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).

**III.   DISCUSSION**

Plaintiff's Objections largely relate to his failure to timely respond to Defendants' Motion for summary judgment and request an extension in the discovery period.  He asserts that the delay in his response resulted from his learning disability, inability to understand English, and, in particular, an alleged conspiracy by Defendant Nurse Johnson and Nurse White, along with their unnamed, non-party husbands, a Lieutenant and a Correctional Officer, "to have [Plaintiff] placed in a Special Housing Unit . . . between November 1st 2010 and the due date for this Objection or the Objection to the Defendants motion for summary judgment." Objection at 2.  Due to this conspiracy, Plaintiff alleges that he was without access to the law library and law clerks to assist him with his filings.

In addition to attempting to excuse the untimeliness of his response, Plaintiff asks for additional discovery so that he may, *inter alia*, "take depositions; subpoena phone records, emails, interoffice mail; [and] take affidavits of witnesses . . . ." Id. at 7.  Plaintiff asserts that, with additional discovery, he will obtain evidence demonstrating deliberate indifference by Defendants and other non-party prison officials who have allegedly violated Plaintiff's civil rights and those of other inmates.  See, e.g., id. at 5 ("the extended discovery request will show . . . a pattern of deliberate indifference by the Defendants toward all inmates under their direct medical care . . . ."); id. at 7, 9-10 (appearing to assert that discovery will support additional claims against non-parties).

3

To the extent that Plaintiff's Objections seek to reopen discovery, add additional claims, name additional parties, or excuse his non-response to Defendants' Motion for summary judgment, they are improper, untimely,[1] and, in any event, wholly conclusory and insufficient to survive summary judgment. See Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986) (where the movant meets its initial burden, the non-moving party must go beyond the pleadings and "do more than simply show that there is some metaphysical doubt as to the material fact."); D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998) ("The non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful."); FED. R. CIV. P. 56(e). Furthermore, Plaintiff's Objections fail to demonstrate any error committed by the Magistrate Judge. Finally, after examining the record, the Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice.

## III. CONCLUSION

The Court has considered the Objections, undertaken a de novo review of the record, and determined that the Report-Recommendation should be approved for the reasons stated therein.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 18) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Defendants' Motion for summary judgment (Dkt. No. 17) is **GRANTED**; and it is further

---

[1] Plaintiff's response to Defendants' Motion for summary judgment was due by August 16, 2010, months before the alleged conspiracy placed Plaintiff in the Special Housing Unit.

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     March 02, 2011
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge